**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION**

IN RE:

MICHAEL EUGENE CLINE                                        CASE NO. 12-30490

DEBTOR

MICHAEL EUGENE CLINE                                               PLAINTIFF

V.                                                          ADV. NO. 13-3002

KONDAUR CAPITAL CORPORATION,                               DEFENDANTS
ET AL.

**MEMORANDUM OPINION**

     This matter is before the Court on a Motion for Judgment on the Pleadings [Doc. 51] (the

"Motion") filed by the Defendants Fifth Third Mortgage Company and Fifth Third Bank

(collectively "Fifth Third").  The Plaintiff filed an Objection and Response to Motion for

Judgment on the Pleadings [Doc. 62] (the "Objection") and Fifth Third thereafter filed a Reply in

Support of Motion for Judgment on the Pleadings [Doc. 64] (the "Reply").

     At issue are the allegations in the Plaintiff's First Amended Complaint as they relate to

Fifth Third.  The First Amended Complaint [Doc. 38] (the "Amended Complaint") is divided

into the following sections (emphasis added):

       I.      PARTIES
       II.     PRELIMINARY STATEMENTS
       III.    JURISDICTION AND VENUE
       **IV.**    **BREACH OF CONTRACT**
       **V.**     **FRAUD**
       **VI.**    **RESPA**, *12 USC § 2601 et seq., 24 C.F.R. Part 3500[1]*
       **VII.**   **TILA**, *15 USC §1641[2]*

[1] RESPA is an acronym for the "Real Estate Settlement Procedures Act."  *See* 12 U.S.C. § 2601.

**VIII.   ASSIGNMENT**, *KRS 446.070*
IX.     CLINE HAS BONA FIDE PURCHASER STATUS
X.      CLINE HAS HYPOTHETICAL LIEN CREDITOR STATUS
XI.     PRAYER FOR RELIEF

The sections do not specifically state which items are separate causes of action.  At oral argument on the Motion, counsel for the Plaintiff confirmed that the causes of action that may result in damages are found in sections IV-VIII of the Amended Complaint and Fifth Third is a target of each claim.  The separate causes of action at issue are designated in bold in the above list and this Memorandum Opinion shall hereafter refer to these claims by the bolded name.

The Plaintiff admitted at oral argument that sections IX (Bona Fide Purchaser Status) and X (Hypothetical Lien Creditor Status) are not separate claims, but  the authority upon which the Plaintiff relies for standing to avoid the lien at issue.  A decision on the Debtor's authority to avoid a lien may be necessary before relief may be granted, but these sections do not state a separate cause of action or request for damages against any party.  The remaining sections of the Amended Complaint, sections I-III and XI, are not separate causes of action and are not treated as such by the Court.

Fifth Third argues in its Motion that it is entitled to judgment as a matter of law on the Breach of Contract, Fraud and RESPA claims.  In the Reply and at oral argument, upon clarification that all claims alleged in the Amended Complaint are directed at Fifth Third, Fifth Third made clear that it is seeking dismissal on any cause of action that affects its rights (*i.e.*, including the TILA and Assignment claims).

---

[2] TILA is an acronym for the "Truth in Lending Act."  *See* 15 U.S.C. § 1641.

For the reasons set out below, the Court shall: (1) deny the Motion as to the Breach of

Contract and RESPA claims; (2) grant the Motion in part as to the Fraud claim; and (3) grant the

Motion as to the TILA and Assignment claims.

## Background

This is Fifth Third's second attempt to dismiss the Plaintiff's claims against it.  The

Plaintiff filed for chapter 13 relief on August 6, 2012.  Kondaur Capital Corporation ("Kondaur")

filed a proof of claim (POC #1) asserting a security interest in the Plaintiff's residence located in

Shelby County, Kentucky.  Attached to POC #1 is a note dated August 2, 2005, made payable to

Fifth Third Mortgage Company, indorsed in blank, and a recorded mortgage between the

Plaintiff and Fifth Third Mortgage Company dated the same day.  Also attached to POC #1 is a

Corporate Assignment of Mortgage from Fifth Third Mortgage Company, by Select Portfolio

Servicing, Inc. ("SPS"), to Kondaur, dated January 28, 2011, and recorded on February 3, 2011.

Plaintiff objected to POC #1.  After the Court set an evidentiary hearing on Plaintiff's

objection, the Plaintiff filed this adversary proceeding against Defendants Kondaur, SPS, and

Fifth Third.  Plaintiff alleged in his original complaint that (1) Kondaur and SPS lacked standing

to assert its claim on the Plaintiff's residence; (2) the Defendants' lien on the residence is

avoidable pursuant to 11 U.S.C. § 544 for failing to record an assignment; (3) the Defendants

breached a special forbearance agreement between the Plaintiff and Fifth Third (the "Special

Forbearance Agreement"); (4) the Defendants violated RESPA; and (5) the Defendants violated

15 U.S.C. § 1692(f)(1), or the Fair Debt Collection Practices Act ("FDCPA").

Fifth Third did not answer but moved to withdraw the reference[3] and to dismiss all claims against it pursuant to FED. R. CIV. P. 12(b)(6) (incorporated by FED. R. BANKR. P. 7012). The Plaintiff thereafter moved to amend his Complaint to address the issues raised by Fifth Third in its Motion to Dismiss. The Court granted the Plaintiff's Motion to Amend the Complaint and overruled Fifth Third's Motion to Dismiss as moot.

The Plaintiff's Amended Complaint adds various John and Jane Doe defendants and eliminates the Plaintiff's claim that the Defendants violated the FDCPA. In addition, the Plaintiff added two new claims: (1) Fraud; and (2) TILA. Fifth Third did not renew its motion to dismiss, but answered generally denying the allegations against it and attached a Notice of Assignment, Sale or Transfer of Servicing Rights. *See* Doc. 49.

Fifth Third now moves for judgment on the pleadings on the Plaintiff's claims against it. The court held a hearing on the matter and took the matter under submission. Fifth Third's Motion is now ripe for determination.

## Discussion

### A. Fed. R. Civ. P. 12(c)

Fifth Third moves for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c). Rule 12(c) (incorporated by FED. R. BANKR. P. 7012) states that "after the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." According to FED. R. CIV. P. 7 (incorporated by FED. R. BANKR. P. 7007), the "pleadings" are, in this case, the Amended Complaint and the Defendants' answers. For purposes of a motion for judgment on the pleadings, "all well-pleaded material allegations of the pleadings of the opposing party must

---

[3] The Motion to Withdraw the Reference was transferred to the District Court on May 28, 2013, and remains pending.

be taken as true and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *See JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581-82 (6th Cir. 2007) (citing *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., 479 F.2d 478, 480 (6th Cir. 1973)). The court need not accept as true legal conclusions or unwarranted factual inferences. *Id.* A motion for judgment on the pleadings "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id.*

## B.     Breach of Contract

Fifth Third complains that Plaintiff's allegations are insufficient as a matter of law to support its Breach of Contract claim because the Plaintiff has not alleged that Fifth Third breached any contractually imposed duty under the Special Forbearance Agreement and failed to allege any damages arising from an asserted breach. The Plaintiff has, however, sufficiently alleged a breach of the Special Forbearance Agreement to survive a motion for judgment on the pleadings.

Plaintiff alleges that Fifth Third breached the Special Forbearance Agreement by "wrongfully and intentionally strip[ping the Plaintiff] of his rights to reinstate his loan under the Special Forbearance Agreement" and by refusing to "accept his money." *See* Doc. 38 at ¶ 32. The Debtor further avers that the Special Forbearance Agreement requires review for a loan modification and the Debtor "did timely request review by directly contacting Fifth Third but Fifth Third refused to comply with his request of the condition that Fifth Third review the loan for modification." *Id. at* ¶ 33. Finally, the Plaintiff alleges that the Special Forbearance Agreement could not be assigned or sold. *Id. at* ¶ 35-37. Taking the Plaintiff's factual allegations as true, the Plaintiff has sufficiently stated a claim for breach of contract.

Fifth Third argues it is clear from the four corners of the Special Forbearance Agreement that its only duty was to forbear, whereas the Plaintiff argues that on its face the document requires Fifth Third to do three things, i.e. (1) reinstate the loan; (2) review for loan modification; or (3) guarantee not to accelerate.  In Kentucky, the interpretation of a contract, including a determination whether a contract is ambiguous, is a question of law for the court to decide.  *See, e.g, Frear v. P.T.A. Industries, Inc.,* 103 S.W.3d 99, 105 (Ky. 2003).   The Plaintiff has raised a legitimate claim that will require discovery and briefing to allow the Court to decide whether a breach of contract occurred.

Fifth Third's argument that no damages are alleged is not compelling.  Fifth Third admits in its Motion that "the only damages that Plaintiff alleges are collectively in the recital."  *See* Doc. 51 at 8.  Fifth Third cites no law to support its conclusion that this is insufficient.

For these reasons, Fifth Third's Motion for judgment on the Breach of Contract claim is denied.

**C.    Fraud**

Fifth Third argues that the Plaintiff failed to plead fraud with particularity as required by FED. R. CIV. P. 9(b) (incorporated by FED. R. BANKR. P. 7009).  At a minimum, the Plaintiff must allege "the time, place and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud."  *Chesbrough v. VPA, P.C.*, 655 F.3d 461, 467 (6th Cir. 2011); *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 972 (6th Cir. 2005); *General Electric Company v. Latin American Imports, S.A.*, 187 F. Supp. 2d 749, 753-54 (W.D. Ky. 2001).

The Plaintiff's allegations of fraud are in the Amended Complaint at ¶ 40.  The Plaintiff alleges that Fifth Third made material misrepresentations, but the Amended Complaint does not

identify the substance of those misrepresentations beyond reference to the Special Forbearance

Agreement, which was incorporated into the Amended Complaint by reference.  The Plaintiff

argues in his Objection that the Plaintiff reasonably relied on the promises and representations in

the Special Forbearance Agreement.   Further, the Plaintiff admitted at oral argument that the

<u>only</u> misrepresentations allegedly relied on by the Plaintiff were those contained in the Special

Forbearance Agreement.

The Special Forbearance Agreement is dated and signed by Rita Marrara, a Loss

Mitigation Manager, and made on letterhead of Fifth Third Bank.  It contains the terms of the

agreement and representations made by Fifth Third.  The Plaintiff alleges that Fifth Third

induced the Plaintiff to enter into the Special Forbearance Agreement with the intent to deceive

to "modify its asset portfolio and accounting records" and "demonstrate on reports that monthly

payments were being made on the note when it sold the note."  Doc. 38 at ¶ 40.

Considering both the allegations in the Amended Complaint and the Special Forbearance

Agreement, the Plaintiff's Fraud claim must survive a request for judgment on the pleadings, but

only to the extent fraud is alleged in relation to representations found in the Special Forbearance

Agreement.  If the Fraud claim intended to go beyond the facts and circumstances surrounding

the Special Forbearance Agreement, they are not sufficient and any such claim for fraud is

dismissed.

**D.     RESPA**

Fifth Third argues that Plaintiff cannot state a RESPA claim merely by alleging that he

sent a "qualified written request."  The Plaintiff's allegations are not as limited as Fifth Third

suggests.  Further, the cases cited by Fifth Third are distinguishable.

The Plaintiff alleges that "Fifth Third not only failed to respond to qualified written request [sic] but they failed to notify Cline of John Doe Defendants." *See* Doc. 38 at ¶ 47. The Plaintiff avers that he "sent [a qualified written request] in September 2010 to Fifth Third and Fifth Third received Cline's qualified written request pursuant to § 2605(e)" but Fifth Third failed to respond. *Id. at* ¶ 49. The Plaintiff then alleges he was damaged by the failure to respond because he was not informed that Fifth Third sold the Note and thus was forced to expend attorneys' fees to locate the owner of the Note. *Id. at* ¶¶ 51-52.

The Plaintiff also alleges that Fifth Third failed to notify him within fifteen days of the loan transfer in violation of 12 U.S.C. § 2605(b). *Amended Complaint*, at ¶ 52. Fifth Third attached to its Answer a notice of the transfer dated September 27, 2010, within the fifteen day time period, and argues that Plaintiff admits to receiving this notice in his Amended Objection to Kondaur's claim. The Debtor represented in the Amended Objection to Claim that "Before the 10/31/2010 date arrived, Cline received notice that the servicing rights on his loan were allegedly transferred to Select Portfolio Servicing, Inc. … beginning 10/29/2010 and that Fifth Third would no longer accept his payments." *See* Doc. 35 of Case No. 12-30490. The Plaintiff explains in his Objection that this statement refers to a document received from SPS, not Fifth Third. Doc. 62 at 9. The statement made in the Plaintiff's Amended Objection to Claim is not a clear admission that the Plaintiff received the notice of transfer attached to Fifth Third's Answer.

Plaintiff's RESPA allegations are sufficient, particularly when the cases cited by Fifth Third are examined. In *Boston v. Ocwen Loan Servicing, LLC*, the *pro se* plaintiff sought to add a RESPA claim against a new defendant and made only four allegations against the proposed defendant, none of which alleged: (1) the defendant was a "servicer;" (2) provided the court with "any specific information about her alleged requests that would satisfy the statutory definition of

a [qualified written request];" or (3) any damages suffered.  No. 3:12-CV-451, 2013 U.S. Dist. LEXIS 3376, *6 (W.D.N.C. Jan. 9, 2013).  In this matter, the Plaintiff has alleged that Fifth Third is a "servicer" and Fifth Third did not respond to the qualified written request regarding the circumstances surrounding the sale and assignment of the note.  Therefore, the Plaintiff alleges that he was damaged and forced to incur attorneys' fees to track down the chain of title.

Further, unlike the plaintiff in *Bond v. Fannie Mae*, the Plaintiff has defended against Fifth Third's attempts to dismiss.   No. 1:12-CV-517, 2012 U.S. Dist. LEXIS 143467, *1 (W.D. Mich. Oct. 4, 2012).  Also, Fifth Third provided no authority to support dismissal with prejudice for the deficiencies of which it complains; rather, the courts in the cases cited by Fifth Third allowed an opportunity to amend.  *See Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1196 (E.D. Cal. 2010); *Champlaie v. BAC Home Loans Servicing, LP*, 706 F. Supp. 2d 1029, 1043 (E.D. Cal. 2009).  Amendment at this time is not necessary and would unnecessarily delay discovery and a resolution of the issues.[4]

The Amended Complaint contains sufficient factual allegations for Fifth Third to know the context from which the RESPA claim arises.  Therefore, Fifth Third's Motion is denied as to the Plaintiff's RESPA cause of action.

## E.    TILA

The Motion does not address the TILA claim, although the Plaintiff suggests in his Objection and at oral argument that Fifth Third is a target of this cause of action as well.  The allegations in the Amended Complaint only refer to the John Doe defendants, SPS, and Kondaur as "creditors under TILA" and allege that these defendants violated TILA by failing to notify the

---

[4] For example, the Plaintiff did not attach a copy of the qualified written request to his Amended Complaint or Objection, but explained at oral argument that the request was sent by prior legal counsel and discovery is required to obtain a copy.  Discovery should quickly reveal whether the Plaintiff can produce the qualified written request.

Plaintiff as the "new owner or assignee" that the loan had been sold, transferred or assigned. Doc. 38 at ¶¶ 63-65.  The allegations do not include Fifth Third and there is no support for Plaintiff's mere assertion that Fifth Third is a target.

For this reason, Plaintiff's TILA claim is dismissed as to Fifth Third for failure to state a claim.

**F.    Assignment**

Not addressed in Fifth Third's Motion, but raised and argued during briefing and oral argument, is Plaintiff's Assignment claim.  Plaintiff asserts that the "Defendants" failed to record an assignment with the county clerk's office in violation of K.R.S. § 382.360 and § 382.365(3).

Fifth Third argues that, even assuming the Plaintiff has a private cause of action under these statutes, the statutes are inapplicable to Fifth Third because the statutes require the assignee and not the assignor, i.e. Fifth Third, to file the assignment.  *See* K.R.S. § 382.360 ("When a mortgage is assigned to another person, the assignee shall file the assignment for recording with the county clerk…"); K.R.S. § 382.365 ("An assignee of a lien on real property shall record the assignment in the county clerk's office as required by KRS 382.360.").

The relevant statutes support Fifth Third's reading.  For this reason, the Plaintiff's Assignment claim is dismissed as to Fifth Third.

**Conclusion**

Based on the foregoing, Fifth Third's Motion for Judgment on the Pleadings is:

(1) DENIED as to the Plaintiff's Breach of Contract and RESPA claims;

(2) GRANTED IN PART as to the Plaintiff's Fraud claim to the extent that Plaintiff attempts to allege fraud beyond the facts and circumstances surrounding the Special Forbearance Agreement; and

(3) GRANTED as to the TILA and Assignment claims such that these claims are

DISMISSED as to Fifth Third.

A separate order shall be entered accordingly.

11

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document
has been signed by the Judge and electronically entered by the Clerk in the
official record of this case.*



**Signed By:**
**_Gregory R. Schaaf_**
**Bankruptcy Judge**
**Dated: Tuesday, August 27, 2013**
**(grs)**