**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION**

IN RE:

| | |
|---|---|
| **MICHAEL EUGENE CLINE** | **CASE NO. 12-30490** |
| **DEBTOR** | |
| **MICHAEL EUGENE CLINE** | **PLAINTIFF** |
| **V.** | **ADV. NO. 13-3002** |
| **KONDAUR CAPITAL CORPORATION, ET AL.** | **DEFENDANTS** |

**MEMORANDUM OPINION**

This matter is before the Court on (1) the Plaintiff's Amended Motion for Default Judgment against the Defendant Select Portfolio Servicing, Inc. ("SPS") [Doc. 91] and SPS's Objection [Doc. 98]; and (2) SPS's Motion to Extend Time to Respond to Amended Complaint [Doc. 93] and the Plaintiff's Objection [Doc. 100]. The Court held a hearing on these matters on October 17, 2013. For the reasons stated more fully on the record and herein, SPS's Motion to Extend Time to Respond to Amended Complaint is denied and the Plaintiff's Amended Motion for Default Judgment is granted in part and denied in part.

**Factual and Procedural History**

The Plaintiff filed for chapter 13 relief on August 6, 2012, following a foreclosure action in state court that was stayed by the filing of this bankruptcy case. Kondaur Capital Corporation ("Kondaur") filed a proof of claim (POC #1) asserting a security interest in the Plaintiff's residence located in Shelby County, Kentucky. Attached to POC #1 is a note dated August 2, 2005, made payable to Fifth Third Mortgage Company, indorsed in blank, and a recorded

1

mortgage between the Plaintiff and Fifth Third Mortgage Company dated the same day. Also attached to POC #1 is a Corporate Assignment of Mortgage from Fifth Third Mortgage Company, by SPS as its attorney-in-fact, to Kondaur, recorded on March 24, 2011.

Plaintiff initially proposed a Chapter 13 plan with terms that required the Plaintiff to make his regular monthly mortgage payments outside the plan and pay Kondaur a total of $33,427.98 in pre-petition arrearages inside the plan. Kondaur objected to Plaintiff's treatment of its claim, arguing that the pre-petition amount in the plan was incorrect and it was not adequately protected. Shortly thereafter, the Plaintiff filed an objection to Kondaur's claim on the grounds that the claim was insufficiently documented, particularly as to a failure to credit the Plaintiff with installment payments made via a forbearance agreement. The Court set an evidentiary hearing and the parties submitted their witness and exhibit lists and corresponding affidavits. The evidentiary hearing did not occur because the Plaintiff filed an adversary proceeding on February 25, 2013, against Defendants Kondaur, SPS, and Fifth Third to resolve the Plaintiff's Objection to Kondaur's claim and Kondaur's Objection to the Plaintiff's Chapter 13 plan.

The Plaintiff initially alleged that (1) Kondaur and SPS lacked standing to assert their claim on the Plaintiff's residence; (2) the Defendants' lien on the residence is avoidable pursuant to 11 U.S.C. § 544 for failing to record an assignment; (3) the Defendants breached a special forbearance agreement between the Plaintiff and Fifth Third (the "Special Forbearance Agreement"); (4) the Defendants violated 12 U.S.C. § 2605, the Real Estate Settlement Practices Act ("RESPA"); and (5) the Defendants violated 15 U.S.C. § 1692(f)(1), or the Fair Debt Collection Practices Act ("FDCPA"). The Complaint did not include a separate fact section and

2

alleged very few facts within the separate causes of action in support of the Plaintiff's allegations. The facts alleged are as follows:

- Plaintiff filed a voluntary Chapter 13 bankruptcy and owns real estate in Shelbyville, Kentucky (Complaint at ¶¶ 4-5).

- Kondaur filed a timely proof of claim and attached a copy of the Mortgage, Note, and Corporate Assignment of Mortgage, also attached as exhibits to the Complaint (*Id.* at ¶¶ 8-9).

- Kondaur did not attach Fifth Third's Power of Attorney to its Proof of Claim nor did it record the Power of Attorney in the Shelby County Clerk's Office (*Id.* at ¶ 10).

- At the time the bankruptcy was filed, there was not a recorded document granting ownership from Fifth Third (*Id.* at ¶ 18).

- The Plaintiff entered into a contract with Fifth Third whereby Fifth Third agreed to forbear its right to accelerate the balance and collect or foreclose provided that Plaintiff make timely monthly payments of $300.00 for a period of four months starting 07/01/2010 through 10/01/2010 (*Id.* at ¶¶ 23-26).

- According to the terms of the Contract, by 10/31/2010, Cline would enter into a loan modification or reinstate the loan with Fifth Third (*Id.* at ¶ 27).

- The Plaintiff made the required timely monthly payments directly to Fifth Third, but before 10/31/2010, the Plaintiff contacted Fifth Third and was verbally informed that it no longer had the loan and that he was not to send any money to Fifth Third (*Id.* at ¶¶ 26, 28).

- Kondaur Capital Corporation, alleges it acquired the loan and the Plaintiff informed Kondaur of the Fifth Third Contract but Kondaur would not accept payment. (*Id.* at ¶ 29)

- The Plaintiff did not receive notice of change in servicing or ownership rights (*Id.* at ¶ 32).

- The Plaintiff sent a "qualified written request" to Kondaur but Kondaur failed to properly respond (*Id.* at ¶ 33).

- The Plaintiff did not receive collection activity notices from the Defendants (*Id.* at ¶ 37).

3

- Kondaur claimed in a foreclosure complaint that it owned the note and mortgage and Kondaur refused to verify the debt upon notice of the Fifth Third Contract (*Id.* at ¶¶ 39-40).

- Plaintiff was damaged because he was forced to pay defense attorney fees and conduct a title examination to determine ownership by record chain of title (*Id*. at ¶¶ 34-35).

Kondaur filed an answer to the Complaint. Fifth Third filed a Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) (incorporated by FED. R. BANKR. P. 7012) and argued that the factual allegations were insufficient to state a claim upon which relief could be granted. The Plaintiff thereafter moved to amend his Complaint to address the issues raised by Fifth Third in its Motion. After a hearing, the Court granted the Plaintiff's Motion to Amend the Complaint thereby rendering the issues raised in Fifth Third's Motion to Dismiss moot.

The Plaintiff's Amended Complaint again named Kondaur, Fifth Third, and SPS as defendants and added various John and Jane Doe defendants. The Amended Complaint also eliminated the Plaintiff's claim that the Defendants violated the FDCPA and added two new claims: (1) a cause of action for fraud against Fifth Third; and (2) a cause of action against the Defendants for violations of 15 U.S.C. § 1640, generally referred to as the Truth in Lending Act ("TILA"). As for the Plaintiff's claims for violations of RESPA, TILA, and K.R.S. § 382.360 and § 382.365, the Plaintiff added the following factual allegations:

- Fifth Third, SPS, Kondaur, and the John Doe Defendants are servicers as defined by RESPA and all failed to provide the notices required by RESPA pursuant to 12 U.S.C. § 2605(b) (Amended Complaint [Doc. 38] at ¶¶ 48, 56).

- Fifth Third and Kondaur failed to respond to the Plaintiff's qualified written request (*Id.* at ¶¶ 47, 49, 57-58).

- Fifth Third engaged in a pattern and practice of failing to follow RESPA requirements (*Id.* at ¶ 55).

4

- The John Doe Defendants, SPS, and Kondaur are "creditors" under TILA and violated TILA for failure to provide no later than 30 days after the date on which the mortgage is sold or otherwise transferred or assigned to a third party information regarding the new owner or assignee of the debt as outlined in the statute (*Id.* at ¶¶ 62-65).

- The Defendants deliberately never recorded the Corporate Assignment of Mortgage in the Shelby County Clerk's office (*Id*. at ¶ 71).

Finally, the Plaintiff incorporated the Original Complaint and exhibits, pleadings from the state court foreclosure action, a letter to which the Plaintiff refers to as a "qualified written request," and the Debtor's Affidavit in support of the alleged facts as exhibits to the Amended Complaint.

Kondaur and Fifth Third subsequently filed an answer to the Amended Complaint. Fifth Third then filed a Motion for Judgment on the Pleadings pursuant to FED. R. CIV. P. 12(c) (incorporated by FED. R. BANKR. P. 7012) making the same arguments that the Plaintiff's factual allegations were insufficient to state a claim upon which relief could be granted. After briefing and argument, the Court issued a Memorandum Opinion and Order on August 27, 2013 [Doc. 68] ("Memorandum Opinion"), wherein it denied Fifth Third's Motion for judgment on the Plaintiff's breach of contract and RESPA claims against Fifth Third, granted in part Fifth Third's Motion for judgment on the fraud claim to the extent that the Plaintiff attempts to allege fraud beyond the facts and circumstances surrounding the Special Forbearance Agreement, and granted Fifth Third's Motion as to the TILA and state law claims for failure to state a claim upon which relief can be granted. The findings made by the Court in its Memorandum Opinion (particularly those related to the Plaintiff's causes of action under RESPA, TILA and K.R.S. § 382.360 and § 382.365 as they also apply to SPS) are incorporated herein and are referenced where applicable.

After 6 months of contentious litigation, the parties finally began discovery. On September 24, 2013, the Plaintiff, Kondaur and Fifth Third filed a Notice of Settlement of the claims related to Fifth Third and Kondaur [Doc. 82].

SPS did not timely respond to the Plaintiff's Original or Amended Complaint or participate in this case in any way. On September 30, 2013, counsel for SPS entered an appearance. On October 2, 2013, SPS moved to extend the time to file a response to the Amended Complaint.[1] One day later, the Plaintiff filed a Motion for Default Judgment against SPS for failure to answer or otherwise respond to the Original and Amended Complaints.

## Discussion

Whether SPS is entitled to file a late answer to the Amended Complaint and whether the Plaintiff is entitled to default judgment are issues that are closely related, but each is addressed separately below.

**I.     Motion for Leave to File A Late Answer**

SPS argues the Court has discretion pursuant to FED. R. CIV. P. 6(b)[2] to allow SPS to file a late response to the Amended Complaint and the parties will suffer no prejudice as a result. While the Court has discretion to allow a late filed answer, SPS's arguments in support of its request for leave to file a response are not compelling.

The Plaintiff's service on SPS is sufficient and should have led SPS to become involved much earlier. Plaintiff served SPS on August 13, 2013, with the summons, Amended Complaint, exhibits and Order for Trial via certified first class mail, return receipt requested, at two separate

---

[1] This Motion was re-filed on October 4, 2013, with a supporting memorandum .

[2] There is no corresponding Federal Rule of Bankruptcy Procedure incorporating FED. R. CIV. P. 6(b), although as a general rule the Court has discretion to allow the late filing of an answer.

6

Case 13-03002-grs    Doc 106    Filed 10/23/13    Entered 10/23/13 12:32:56    Desc Main
                          Document      Page 7 of 12

addresses: (1) 3815 S. West Temple, Attn: Timothy J. O'Brien, Salt Lake City, Utah 84115; and (2) CSC-Lawyers Incorporating Service Company, 421 W. Main St., Frankfort, KY 40601. The service of the Amended Complaint is consistent with FED. R. BANKR. P. 7004(b)(3) and SPS conceded at the hearing that the service was made by Plaintiff as represented.

SPS argues that despite appropriate service, the Court should exercise its discretion and allow a late filed response based on the circumstances. SPS argues that the mail room employee who signed for the package had no authority to accept service and SPS has no record of receipt of the First Amended Complaint by certified mail, directly or from its registered agent, CSC-Lawyers Incorporating Service Company. SPS states that its legal department first became aware of the lawsuit on September 24, 2013, 7 months after the action was filed and the very same day that the other parties filed a Notice of Settlement, via a courtesy copy from its co-Defendant Kondaur. SPS argues that it acted quickly in entering an appearance on September 30, 2013, and filing a Motion for Leave to File a Response on October 2, 2013, and that no party will be prejudiced if it is allowed to respond to the Amended Complaint and raise a defense.

SPS's account of the circumstances does not explain its tardiness. Service is appropriate under Rule 7004. It does not matter that the mail room employee cannot accept service. A "mail room" suggests an organized internal delivery system that would receive and promptly route mail to the appropriate person or department. No explanation for the failure of the mail room is provided.

Regardless, the failure of the mail room staff to deliver the summons package to SPS's legal department does not excuse SPS's failure to respond to the Amended Complaint - it is SPS's responsibility to enact appropriate policies and procedures to ensure that legal matters reach the appropriate persons. Further, if this was before the Court in a different procedural

posture, this explanation would not suffice as "excusable neglect." *See Gourlay v. Sallie Mae, Inc. (In re Gourlay)*, 465 B.R. 124 (B.A.P. 6th Cir. 2012) (holding that bankruptcy court did not abuse its discretion in finding no excusable neglect by student loan creditor in failing to respond to complaint where service was proper to creditor's principal office).

The Plaintiff did not just serve SPS at its principal office but also through SPS's registered agent. SPS offers no explanation why it did not receive notice from an agent appointed for the sole purpose of receiving a summons and complaint on SPS's behalf. With two appropriate methods of service,[3] the Plaintiff exceeded the requirements of Rule 7004(b)(3) and SPS's arguments are not reasonable or excusable.

In addition, even though SPS ultimately received actual notice of the lawsuit on September 24, 2013, it waited to act until October 2, 2013, to act. This is not acting quickly, particularly in light of the procedural posture of the case.

Finally, contrary to SPS' argument, the parties are prejudiced if SPS is allowed to respond to the Amended Complaint at this late date. The Plaintiff's Chapter 13 plan has been pending for over a year. After much legal wrangling that began in the state court, the Plaintiff, Kondaur, and Fifth Third reached a settlement agreement in this contentious dispute. The Court and the parties have expended significant time and energy in this litigation and the parties are entitled to a resolution. SPS may not file an answer at this late date when it has failed to show good cause for its tardiness.

## II. Motion for Default Judgment

The issue is whether SPS is in default and the Plaintiff is entitled to a default judgment on all his claims against SPS. FED. R. CIV. P. 55(a) (incorporated by FED. R. CIV. P. 7055) provides

---

[3] The Plaintiff also delivered the papers by certified mail, obtaining a return receipt as proof of delivery.

that "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The clerk of the Court did not enter a default in this matter, but procedurally, there is no question that SPS is in default for failure to answer or otherwise respond in a timely manner to the Amended Complaint.

SPS's default does not, however, automatically entitle the Plaintiff to entry of a default judgment. *See Columbiana County School Employees Credit Union, Inc. v. Cook (In re Cook)*, 342 B.R. 384, *3 (B.A.P. 6th Cir. 2006) (table). The Court may determine "whether the unchallenged facts constitute a legitimate cause of action." *Id.* at *4 (citing *Fleet Credit Card Servs., L.P., v. Macias (In re Macias)*, 324 B.R. 181, 186 (Bankr. E.D. N.Y. 2004)). In making this determination, the Court accepts the well-pled factual allegations of the complaint as true, with the exception of those related to the amount of damages. *Id*. The Court has wide discretion in deciding whether to enter default judgment. *See, e.g., Wells Fargo Bank v. Beltran (In re Beltran)*, 182 B.R. 820 (B.A.P. 9th Cir. 1995).

The Plaintiff has not helped his case by alleging minimal facts in support of his Complaint and Amended Complaint. This resulted in significant litigation over the sufficiency of the Plaintiff's Original and Amended Complaint by Fifth Third. The Plaintiff was given multiple opportunities to amend his Complaint to plead sufficient facts to support his allegations. Despite these opportunities, the Amended Complaint falls short on two of the three causes of action against SPS.

### A. TILA

The Plaintiff's only causes of action against SPS are for damages for violations of RESPA, TILA, and K.R.S. § 382.360 and § 382.365.[4] Even accepting the Plaintiff's well-pled factual allegations as true, the Plaintiff's claim under TILA is barred by TILA's statute of limitations, or 15 U.S.C. § 1640(e), which states in part, "…any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation…"

The Plaintiff alleges that SPS failed to provide information regarding the new owner or assignee of the debt within 30 days of the date on which the mortgage was sold or otherwise transferred or assigned to a third party as required by TILA. The Corporate Assignment of Mortgage, attached as an exhibit to the Plaintiff's Amended Complaint, shows that the assignment occurred no later than its recording on March 24, 2011. The Plaintiff did not file this adversary proceeding until February 25, 2013, and did not bring his TILA cause of action until the Court granted his Motion to file the Amended Complaint on June 27, 2013, both of which are well outside the 1 year statute of limitations. The Plaintiff has failed to state a prima facie claim for a TILA violation and thus judgment against SPS on the TILA claim is not appropriate and the TILA claim shall be dismissed.

### B. Assignment

The Court held in its Memorandum Opinion related to Fifth Third's Motion for Judgment on the Pleadings that even assuming there is a private cause of action under K.R.S. § 382.360 and § 382.365, the statutes are inapplicable to Fifth Third because the provisions require that the

---

[4] The Court determined in its Memorandum Opinion and Order on Fifth Third's Motion for Judgment on the Pleadings that Plaintiff's causes of action were limited to breach of contract, fraud, RESPA, TILA, and violations of K.R.S. § 382.360 and § 382.365. Only the final 3 causes of action apply to SPS.

10

assignee, and not the assignor, file the assignment. *See* K.R.S. § 382.360. The Amended Complaint does not contain any allegations that SPS was an assignee responsible for filing the assignment. The only evidence in the Amended Complaint to address this is the Corporate Assignment of Mortgage that shows SPS is an assignor. As assignor, SPS is not obligated to file the assignment. Thus, the Plaintiff fails to state a claim against SPS under KRS § 382.360 and § 382.365 and this cause of action is dismissed.

### C.     RESPA

In contrast, Plaintiff's allegations that SPS is a "servicer" as defined by RESPA and that Plaintiff suffered damages for SPS's failure to provide the notices required by RESPA pursuant to 12 USC § 2605(b) are sufficient to support a prima facie case for a RESPA violation. The requirement to provide notice under RESPA applies to both a transferor and transferee. 12 U.S.C. § 2605(b) and (c).

SPS attacks the Amended Complaint arguing that the Plaintiff does not allege actual damages. Fifth Third made similar arguments on the insufficiency of the Plaintiff's allegations to support its RESPA claim in its Motion for Judgment on the Pleadings and the Court rejected those same arguments in its Memorandum Opinion. The Court rejects SPS's arguments for the same reasons.

Therefore, the Court shall enter default judgment against SPS for the Plaintiff's claim for damages for violations under RESPA. FED. R. BANKR. P. 7055(b)(2) allows additional action when required to determine if default judgment is reasonable. Based on the comments by the parties at the hearing, additional briefing and evidence is necessary to determine whether damages should be awarded and, if so, the amount.

11

## Conclusion

Based on the foregoing reasons, SPS's Motion to Extend Time to Respond to the Amended Complaint [Doc. 93] is DENIED.

The Plaintiff's Amended Motion for Default Judgment against SPS is DENIED IN PART as to Plaintiff's causes of action for damages for (a) violation of the TILA, 15 U.S.C. § 1641, and (b) violation of K.R.S. § 382.360 and § 382.365 for failure to state a claim upon which relief can be granted and these causes of action are therefore DISMISSED as to SPS.

The Plaintiff's Amended Motion for Default Judgment against SPS is GRANTED as to Plaintiff's claim for violations of RESPA, 12 U.S.C. § 2605. The Court shall issue a separate order setting an evidentiary hearing to determine damages to be awarded, if any.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge
Dated: Wednesday, October 23, 2013
(grs)**